
1  JAMES F. PENMAN, City Attorney
   State Bar No. 91761
2  RICHARD D. LUCZAK, Deputy City Attorney
   State Bar No. 216197
3  300 North "D" Street
   San Bernardino, California 92418
4  Telephone: (909) 384-5355
   Facsimile: (909) 384-5238
5

6  Attorneys for Defendants, CITY OF SAN BERNARDINO;
   OFFICER JOSEPH VALDIVIA
7

8
                 UNITED STATES DISTRICT COURT
9
                 CENTRAL DISTRICT OF CALIFORNIA
10

11

12 | JESUS A. VARGAS,              ) CASE NO.: CV09-05473 RGK
                                   ) FMOx
13 |        Plaintiffs,             )
                                   ) Judge:      R. Gary Klausner
14 | vs.                            ) Magistrate: Fernando M. Olguin
                                   )
15 | CITY OF SAN BERNARDINO,        )           PROTECTIVE
   | OFFICER JOSEPH VALDIVIA, in    ) ORDER
16 | his individual capacity; and DOES )
   | 1-10, inclusive,               )
17 |                                )
   |        Defendants.             )
18 |_____) NOTE CHANGES MADE BY THE COURT.

19        Plaintiff Jesus Vargas and defendants City of San Bernardino and Officer
20 Joseph Valdivia jointly submit this stipulated protective order.
21                                    1.
22                            **CASE SUMMARY**
23        This case involves allegations of civil rights violations with respect to the arrest
24 and alleged shooting of plaintiff Jesus Vargas. During discovery, plaintiff has
25 requested access to documents which are privileged, confidential and/or proprietary.
26 For example, plaintiff seeks disclosure of portions of Officer Valdivia's personnel file,
27 internal affairs investigations concerning Officer Valdivia generally, and internal
28 affairs investigations concerning Officer Valdivia's use of deadly force in this

incident, if any exist. It is also anticipated plaintiff's counsel will delve into these topics during the deposition of Officer Valdivia. Defendants have agreed to produce this information subject to a reasonable protective order.

## 2.
## PLAINTIFF SEEKS CONFIDENTIAL AND PROPRIETARY INFORMATION

At this point, plaintiff seeks the following information:

- Internal Affairs files and interviews with respect to the instant case as well as previous citizen complaints against Officer Valdivia;
- Portions of Officer Valdivia's personnel file;
- Management reviews of the instant case;
- Recorded interviews of the involved officers to this incident, including Officer Valdivia;
- It is anticipated plaintiff will formulate questions with respect to these documents during depositions.

## 3.
## GOOD CAUSE STATEMENT

**A.   Federal Law Allows Disclosure of Police Personnel and Investigative Files Pursuant to a Protective Order.**

Confidential government files are considered official information and are privileged from disclosure upon a proper showing. *See generally, Miller v. Pancucci*, 141 F.R.D. 292 (C.D.Cal. 1992) [discussing official information privilege]; *Soto v. City of Concord*, 162 F.R.D. 603 (N.D.Cal. 1995) [noting privacy interest in personnel files]; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-1034 (9th Cir. 1991) [police personnel files are confidential]. Internal investigative files are equally confidential and private and subject to a protective order. *See Id.* Case law makes clear that while the information may be relevant, production of the information is accomplished

pursuant to a protective order. *Id.*

The case for recognizing a federal privilege is stronger if the information sought is also protected by a state privilege. *Pearson v. Miller*, 211 F.3d 57, 67 (3rd Cir. 2000) [citing *Jaffee v. Redmond*, 518 U.S. 1, 12-13 (1997)].

The information plaintiff requests is subject to individual privacy rights under federal law. Documents in a personnel file do not become a matter of public record merely because someone files a lawsuit; nor do internal investigation files. The City of San Bernardino has a duty to maintain the confidentiality of officer personnel files, internal affairs investigation files, and other official information. *See California Penal Code* § 853.7; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. In order to protect the privacy of police personnel files, the State of California has codified the privilege in *California Evidence Code* §1040 to 1047. Because the State of California has placed additional emphasis on the privacy of police personnel files and internal investigative reports, the official information has even more weight in the present case.

The following factors are relevant:

(1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequence the program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case. *Kelly v. City of San Jose,* 114 F.R.D. 653, 663 (N. D. Cal. 1987). The court may

also consider state law privileges and immunities during the balancing test. *Id.* at 656.

Police personnel files and internal affairs investigations are privileged under state law. *Cal. Penal Code* § 853.7; *Evidence Code* §§ 1040-1047; Similarly, the police files plaintiff seeks contain evaluations and other investigatory documents, the production of which may stifle future investigations unless a protective order is in place. As stated in *Soto*, a plaintiff in an excessive force case needs to examine these documents to try to build a case, no matter how unmeritorious the claim. *Soto*, supra, 162 F.R.D. at 615. Defendants are aware of all of these points. Yet all of the cases on point allow disclosure of police personnel files and other official information pursuant to a protective order. See *Soto*, supra, 162 F.R.D. 603 [production of personnel files and internal affairs files pursuant to protective order]; *Chism v. County of San Bernardino*, 159 F.R.D. 531 (C.D.Cal. 1994) [order compelling disclosure of sheriff documents pursuant to a protective order]; *Caver v. City of Trenton*, 192 F.R.D. 154, 163 (D.N.J. 2000) [compelling disclosure of police personnel files pursuant to protective order].

In the present case, the information requested by plaintiff includes both factual and evaluative data, including internal investigation evaluations, upper management evaluations and similar self-critical analyses. The files also include confidential personal information regarding discipline, reprimands, training, qualifications and, potentially, residence location. Release of the information could lead to embarrassment and may potentially endanger the lives of the involved officers, allowing criminals access to home addresses or ambushing based of knowledge of training. Most of the issues with respect to relevancy will be resolved by way of an appropriate motion at the time of trial; allowing unfettered access to the files without a protective order will inhibit full and open disclosure of information, honest evaluations, and will lead to embarrassment and may possibly jeopardize the safety of the officers due to the confidential nature of the documents. Additionally, Internal Affairs files may contain embarrassing, yet baseless allegations. Employees of

companies and organizations have a reasonable expectation that their employer will not allow dissemination of their personal files. Not only is there potential embarrassment associated with disclosure of employee files, evaluations, reprimands, and related documents, but the disclosure of information may actually threaten a police officer's safety, especially considering the type of work involved in policing a city. The files contain training information and other personal information which would allow the public to learn where the officers live and other vital statistics.

Under federal and state law recognize a strong privacy interest in police personnel and investigative files. *See Soto*, supra, 162 F.R.D. 603; *Sanchez*, supra, 936 F.2d 1027.

**B.     State Law Prohibits Disclosure of Police Files.**

*California Evidence Code* sections 1040 through 1047 and *California Penal Code* section 853.7 govern the production of police personnel files, investigative files, and similar governmental information. Under California law, a party seeking police personnel information is required to make a *"Pitchess"* motion to obtain the information. Over the years, the procedure has developed to require a party seeking police personnel files to allege specific facts necessitating the need for the information rather than general allegations; the request must also be narrowly tailored. *People v. Memro* (1985) 38 Cal.3d 658; *Willis v. Superior* Court (1980) 112 Cal.3d 277, 296-297; *Wood v. Superior Court* (1985) 166 Cal.App.3d 1138. Even if the files are ordered produced, they are subject to a protective order. *California Evidence Code* § 1045(d).

While federal privilege rules apply in the present case, federal courts look to state privileges to determine whether a federal privilege should apply. *Kelly*, supra, 114 F.R.D. at 656. In this case, the documents requested contain information protected by the right to privacy. Courts have allowed production of this personal information, but only pursuant to a protective order. See *Soto, Chism,* and *Sanchez*; *California Evidence Code* § 1045.

C.  **A Protective Order Is Proper in this Case.**

Good cause exists to issue a protective order in this case. Plaintiff has requested confidential information maintained by the City of San Bernardino Police Department, i.e., personnel records, investigative files, training and education records, evaluations, dispatch tapes. These items are unquestionably confidential or subject to the official information privilege as discussed above; the personnel files contain information which is not a matter of public record pursuant to statute. See *California Evidence Code* §§ 1040-1047; *California Penal Code* § 832.7; *Soto*, supra, 162 F.R.D. 603; *Sanchez*, supra, 936 F.2d 1027; *Chism*, supra, 159 F.R.D. 531; *Jaffee*, supra, 518 U.S. 1; *Oleszko v. State Comp. Ins. Fund*, supra, 243 F.3d 1154.

## 4.

## STIPULATIONS

In order to allow discovery of the information and documents plaintiff has requested while protecting defendants' interests, the parties stipulate as follows:

1. Counsel for a party who produces information and documents *described in paragraph 2* which are confidential and/or proprietary may so designate the information and documents at the time of production. The copies of any records disclosed to counsel for parties pursuant to this Protective Order may be distinctively marked, provided that such marking does not obscure or obliterate the content of any record, and may be stamped with substantially the following language: "CONFIDENTIAL -- UNLAWFUL TO DUPLICATE." Thereafter, counsel for the other parties to this lawsuit shall not convey, transfer, publish, distribute, copy, duplicate or disseminate the information or documents so provided except as may be reasonably necessary for the prosecution of this litigation *only*, by communicating with the parties, or investigators, consultants and experts retained on behalf of the parties in this matter.

2. The parties and counsel shall not use such documents for any purpose

other than to prepare for or to try this case only.

3. Prior to the dissemination of any such information or documents pursuant to this Protective Order, counsel shall inform such person of the terms and conditions of this Protective Order and secure such person's written agreement to be bound by it.

4. Counsel for each party shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information or documents.

5. If any information or document provided pursuant to this Protective Order is used in any motion filed with the Court, that information or document will be filed under seal pursuant to *Local Rule 79-5*.

6. Counsel for each party shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information or documents.

7. Parties may assert that particular documents designated as confidential are in fact, public knowledge or otherwise not subject to protection hereunder. Such assertion, if made, shall be discussed between counsel for the parties and if agreement cannot be reached, the matter will be submitted to the Court for resolution in a motion pursuant to *Local Rule 37*, and until resolved by the Court shall remain protected as confidential information hereunder.

8. All documents subject to this Protective Order that are submitted to the Court or used in any pretrial proceeding before this Court shall remain confidential and be handled pursuant to *Local Rule 79-5*.

9. The inadvertent or unintentional disclosure of confidential documents/information by the disclosing party shall not be construed to be a waiver, in whole or in part of the disclosing party's claims of confidentiality either as to the specific documents or as to any other

information relating thereto.

10. In the event anyone shall violate ~~or threaten to violate~~ any terms of this Protective Order, the aggrieved party may apply ~~to obtain injunctive~~ *for appropriate* relief ~~and monetary sanctions against any such person violating or threatening to violate any of the terms of this Protective Order.~~ *with Local Rule 37.* This Court shall have the power to impose whatever penalties it deems appropriate for the violation of said Order, including, but not limited to, monetary and judicial sanctions and contempt.

11. The provisions of this Protective Order shall survive and remain in full force and effect after the Entry of Final Judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

12. Upon final conclusion of the present litigation, *The parties shall return* all copies of ~~all~~ documents disclosed subject to this Protective Order ~~shall be returned~~ to counsel for the party who provided them. ~~If documents are filed with the Court pursuant to Local Rule 79-5, said documents shall be disposed of as provided in Local Rule 79-5.~~

13. The agreement of the parties embodied in this Protective Order does not constitute an admission or agreement that any documents or information is subject to discovery, is admissible as evidence, or protected by privilege in this case. Designation of any information as subject to this Protective Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

///
/
/

14. This Court retains jurisdiction to construe, enforce and amend the

1 | provisions of this Order. *The treatment of confidential information to be introduced at trial shall be the subject of a later order.* In the event that the case proceeds to trial, all of the information

3 | IT IS SO ORDERED.  that was designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order shall become public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

6 | DATED: 5/28/10

_____
UNITED STATES MAGISTRATE JUDGE